# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TRUESCENTS, LLC, | § | |
| | § | |
| V. | § | A-08-CA-508-LY |
| | § | |
| BIG LOTS STORES, INC. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Big Lot Stores, Inc.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, filed on June 8, 2009 (Clerk's Doc. No. 34); Plaintiff's Response to Defendant Big Lot Stores, Inc.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, filed on June 16, 2009 (Clerk's Doc. No. 37); Declaration of Spencer Krenke in Opposition to Big Lots Stores Inc.'s Motion to Dismiss or Motion for Summary Judgment, filed on June 16, 2009 (Clerk's Doc. No. 38); Declaration of Michael T. Callan in Opposition to Big Lots Stores, Inc.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment, filed on June 16, 2009 (Clerk's Doc. No. 39); Defendant's Big Lot Stores, Inc.'s Reply in Support of its Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, filed on July 6, 2009 (Clerk's Doc. No. 44); and Declaration of Carter Pennington in Support of Defendant Big Lots Stores, Inc.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment, filed on July 6, 2009 (Clerk's Doc. No. 45).

On July 8, 2009, the District Judge referred the above to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and

Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

Plaintiff Truescents, LLC ("Truescents") is a company that sells personal care products (lotions, body washes, soaps, and other bath products). Truescents does not manufacture these products itself; rather, it contracts with a manufacturer to make the products under the Truescents brand. From 2002 through 2005, Truescents contracted with Bocchi Laboratories, Inc. ("Bocchi") to manufacture products for Truescents. In late 2005, Truescents terminated its relationship with Bocchi and litigation ensued. In the course of the litigation, Truescents discovered that Bocchi had manufactured and stored some of Truescents products without Truescents' permission, and then later sold these products to other stores.[1] Defendant Big Lots Stores, Inc. ("Big Lots") is a retailer that purchased some of Truescents products from Bocchi, and then later resold them in Big Lot's stores. Truescents has brought various causes of action against Big Lots in connection with the sale of Truescents' products in Big Lot's stores.

Currently before the Court is Big Lots' motion to dismiss, or, alternatively, motion for summary judgment. Big Lots argues that Truescents' claims should be dismissed, or that summary judgment should be granted, because (1) Truescents already released all claims arising out of the sale of these products when it signed a settlement agreement with Bocchi; (2) there can be no liability for trademark infringement or unfair competition where a retailer merely acquires and resells genuine trademarked goods without change; and (3) the resale of genuine trademarked goods without change cannot cause injury to business reputation under Texas law.

---

[1] Bocchi and Truescents eventually settled their claims against each other.

## I. ANALYSIS

**A.      Standard of Review**

Because Big Lots' motion is framed in the alternative, and because the motion presents evidence outside the pleadings, namely the Settlement Agreement between Bocchi and Truescents, the undersigned will treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d). Summary judgment is appropriate when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The movant has the initial burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact." *CQ, Inc. v. TXU Min. C., L.P.*, 565 F.3d 268, 272–273 (5th Cir. 2009).

**B.      Big Lots' Motion**

As noted above, Big Lots argues that summary judgement should be granted for three reasons. Each will be considered in turn.

*1.      Settlement Agreement Between Bocchi and Truescents*

Big Lots first argues that Truescents' trademark claims fail because Truescents already released all claims arising out of the sale of these products. Big Lots is referring to a Settlement Agreement purportedly entered into by Bocchi and Truescents by which they settled their claims against each other in prior litigation.[2] Big Lots argues that Truescents specifically agreed to:

---

[2] Truescents objects to Big Lots submission of this evidence, but Truescents does not argue that the document is not an accurate depiction of the agreement between it and Bocchi. Given the result recommended herein, this objection is immaterial and need not be resolved.

3

> release, acquit, and forever discharge Bocchi . . . from any and all . . . controversies . . . [or] . . . causes of action . . . arising out of or relating in any way to . . . Bocchi's sale of Truescents trademarked goods to Big Lots . . . .

*See* Release Agreement at Sec. 4, attached to Defendant's Motion for Summary Judgment. The problem with Big Lots' argument is that it completely ignores the plain language in the agreement that Truescents intended to release *Bocchi* from any and all causes of action arising out of Bocchi's sale of the products. Nowhere does the agreement say that Truescents releases Big Lots from any claims arising from Big Lots' purchase of the products. Nor does Big Lots offer any evidence that this was the intention of the parties when they entered into the settlement agreement. Accordingly, summary judgment should not be granted because of the release.

    2.    *The Resale of Genuine Trademarked Goods Cannot Cause Consumer Confusion*

Big Lots next argues that under the "first sale" doctrine, there can be no liability for trademark infringement or unfair competition where a retailer merely acquires and resells genuine trademarked goods without change. "[T]he general rule is that 'trademark law does not apply to the sale of genuine goods bearing a true mark, even if the sale is without the mark owner's consent.'" *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc., of Lafayette*, 988 F.2d 587, 590 (5th Cir. 1993) (quoting *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 107 (4th Cir. 1991). However, as discussed in *Matrix*, trademark infringement can be found where there is an unauthorized sale and also "some defect (or potential defect) in *the product itself* that the customer would not be readily able to detect." *Id.* at 591 (emphasis in original). This is in part because "a consumer would not necessarily be aware of the defective condition of the product and would thereby be confused or deceived." *Id.*

Truescents specifically argues that these were not "genuine" products, as they were produced and stored without authorization, they were not inspected for quality or authenticity, and some were clearly defective. This is unlike the cases Big Lots relies on, where it was undisputed that the products being sold were genuine products. *See id.* at 590; *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 924 (Fed. Cir. 1995). Because there is a fact question as to whether the products sold by Big Lots were genuine products, Big Lots is not entitled to summary judgment because of the "first sale" doctrine.

    3.     *Resale of genuine trademarked goods without change cannot cause injury to business reputation under Texas law*

Finally, Big Lots argues that the resale of genuine Truescents-branded products cannot cause injury to Truescents' business reputation under Texas law. This argument is dependant on Big Lots' assertions that Truescents failed to allege that the products contained any defects and that Big Lots merely resold Truescents' genuine products. As discussed above, it is disputed that Big Lots sold Truescents' genuine products. Additionally, Truescents does allege in its response that at least some of the products contained defects, and the complaint alleges that some of the products sold to Big Lots were "stockpiled goods properly rejected for failure to meet Truescents' quality specifications." *See* Pl. Response, at 10; Pl. Amended Complaint, at ¶ 15. Accordingly, summary judgment should be denied on this claim as well.

## II. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Defendant Big Lot Stores, Inc.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Clerk's Doc. No. 34).

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE